UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT J. JONES,

Plaintiff,

v.

CASE NO. 2:25-CV-13363
HON. JONATHAN J.C. GREY

ROBERT CHARBONNEAU, et al.,

Defendants.
_______________________________/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

## I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Scott J. Jones ("Jones"), currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, brings claims concerning his medical care and treatment when he was confined at the Parnall Correctional Facility in Jackson, Michigan in April, 2023. He alleges violations of his Eighth Amendment rights, including both cruel and unusual punishment and the deliberate indifference to his medical needs, and the intentional infliction of emotional distress. In the caption of the complaint, Jones names Nurse Robert Charbonneau,

Nurse Colby Panther, and two unidentified prison guards as the defendants in this case and sues them in their individual capacities. In the body of the complaint, however, Jones only names Nurse Robert Charbonneau as a defendant in the case. Jones seeks declaratory/injunctive type relief and monetary damages. The Court has granted Jones leave to proceed without prepayment of the filing fee for this action.

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## III. DISCUSSION

Jones' complaint is subject to dismissal in part. Jones' complaint against Nurse Colby Panther and the two unidentified prison guards is subject to dismissal for failure to state a claim upon which relief may be granted under § 1983. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under §

1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (citing cases); *Monell v. Department of Social Svs.*, 436 U.S. 658, 691–692 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727–728 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Claims that a defendant failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

While Jones lists Nurse Colby Panther and the two unidentified prison guards as defendants in the caption of the complaint, he makes no factual allegations against them in the body of the complaint. He fails to allege facts indicating what they did or did not do to violate his rights and fails to allege facts showing that they are responsible for any injuries or constitutional violations. Bald assertions and conclusory allegations

are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390–391 (6th Cir. 2009). Jones fails to state a claim upon which relief may be granted against Nurse Colby Panther and the two unidentified prison guards in his complaint. His complaint against them is **DISMISSED**.

Jones' complaint against Nurse Charbonneau, however, is not subject to summary dismissal. The Court finds that Jones' allegations concerning his medical care and treatment against Nurse Charbonneau, construed liberally, state plausible claims for relief under federal law and/or state law. Consequently, they are not subject to dismissal at this time.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Jones fails to state a claim upon which relief may be granted against Nurse Colby Panther and the two unidentified prison guards. Accordingly, the Court **DISMISSES** Nurse Colby Panther and the two unidentified prison guards from this case.

The Court further concludes that Jones' Eighth Amendment claims and intentional infliction of emotional distress claim against Nurse Charbonneau survive the Court's initial screening process. While Jones may or may not prevail on those claims, he states potential claims for relief such that they are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

Dated: August 31, 2026

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager